UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MELISSA GOODSON                                         CIVIL ACTION

VERSUS                                                  NO: 24-1844

AMERICAN ZURICH INSURANCE                               SECTION: "A" (3)
CO.

**ORDER AND REASONS**

The following motion is before the Court: **Rule 12(c) Motion for Judgment on the Pleadings (Rec. Doc. 12)** filed by the defendant, American Zurich Insurance Co. The plaintiff, Melissa Goodson, has filed an opposition to the motion. The motion, submitted on February 5, 2025, is before the Court on the briefs without oral argument.

This is a first-party insurance coverage case. The plaintiff, Melissa Goodson, filed suit in state court seeking to recover against American Zurich for damage sustained to her property located in Harvey, Louisiana. (Rec. Doc. 1-2, Petition ¶¶ 6-7). The plaintiff alleges that damage to a pipe allowed water to run into the residence and caused significant damage. (*Id*.).

The crux of American Zurich's motion for judgment on the pleadings is that the plaintiff has failed to allege enough facts to establish a claim for coverage, particularly since its policy was a builder's risk policy. American Zurich complains that it is left to infer how or why it would owe coverage. American Zurich also contends that the facts alleged are insufficient to support a claim for "bad faith" penalties under Louisiana law.

A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)).

In the context of a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

While the Court concurs in American Zurich's characterization of the petition as being rather sparse in facts, the Court is persuaded that the pleading is sufficient to avoid dismissal. The Court has no doubt that American Zurich has sent an adjuster to

inspect the damage and therefore the insurer knows exactly what the claim is about.[1] And if not, the questions that American Zurich raises can be addressed via appropriate discovery devices such as written interrogatories. Requiring the plaintiff to go through the exercise of amending the petition would only delay matters. In sum, the Court is not inclined to dismiss this lawsuit on the pleadings, or reject the claim for bad faith penalties on the pleadings, based upon the arguments that American Zurich has raised.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Rule 12(c) Motion for Judgment on the Pleadings (Rec. Doc. 12)** filed by the defendant, American Zurich Insurance Co., is **DENIED** as explained above.

February 13, 2025

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[1] If no adjuster has inspected the property as of yet that may have factored into the plaintiff's decision to pursue bad faith penalties.